W. F. Goldbeck, of New York City, for appellant.
L. E. Warren, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of PAGE, J., with leave to defendant to withdraw demurrer and to answer on payment of costs. Order filed.

(92 Misc. Rep. 296)

In re GURIAN.

(Supreme Court, Special Term, New York County. November 22,. 1915.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⊚⇒241—SALE OF PROPERTY—ORDER OF COURT—NOTICE—STATUTES.

Debtor and Creditor Law (Consol. Laws, c. 12), as amended by Laws 1914, c. 360, § 19, provides that all sales shall be at public auction unless otherwise ordered by the judge, and that upon application to the judge and for good cause shown the assignee may be authorized to sell any part of the estate at private sale; and section 12, as further amended by Laws 1915, c. 469, directs that creditors, etc., shall have notice of the declaration and time of payment of dividends of the proposed compromise of any controversy; and section 14 makes it the duty of the assignee to collect and reduce to money the property of the estate under the direction of the court, and to report promptly to the court the unprovable and disputed claims; and section 15, subd. 2, gives the court power to authorize the business of the assignor to be conducted by the assignee if necessary for the best interest of the estate; and the amendatory act (Laws 1915, c. 469) provides that parties interested in the estate as creditors or otherwise, if the judge so directs, shall have at least 10 days' notice by mail of all proposed sales, published as the judge shall direct, and returnable in court, and that the judge may cause such notices to be sent or published on the petition of the assignee. *Held*, that the assignee for the benefit of creditors, though expressly directed by the assignment to sell the assigned property, could not sell at public auction without a previous order of the court obtained on the return of notice to creditors and others interested.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 769–771; Dec. Dig. ⊚⇒241.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⊚⇒1—NATURE—TRUST.

An assignment for the benefit of creditors is regarded as an express trust to convert the assigned estate into cash by sales and otherwise.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 1; Dec. Dig. ⊚⇒1.]

3. STATUTES ⊚⇒206—CONSTRUCTION—EFFECT TO ALL PARTS.

A statute should be construed so as to give force and effect to all its provisions relevant to the matter under consideration.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 283; Dec. Dig. ⊚⇒206.]

In the matter of the general assignment for the benefit of the creditors of Morris Gurian to Abraham I. Danish. On motion by creditor to restrain the public auction sale of the assigned property by the assignee, and to vacate the notice of sale previously given and served by him. Motion granted.

Samuel J. Rawak, of New York City, for the motion.
Cohen & Goldfarb, of New York City, opposed.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GIEGERICH, J.   This is an application by a creditor of an estate assigned for the benefit of creditors for an order restraining the public auction sale of the assigned property by the assignee and vacating the notice of such sale previously given and served by him.   Substantially, the objection to the sale sought to be enjoined is twofold:   First, that, though required by the statute, the notice thereof does not recite, and was not given or served pursuant to, any order or direction made by a justice of the court and "returnable in court"; and, secondly, that the proposed auction sale is improvident, in that it involves the unnecessary expenditure of moneys of the assigned estate for the charges usually accompanying such form of sale, including auctioneer's commissions, cost of inventorying, and labor, and in that it will, because of such expense and for other reasons, realize less for creditors than a private sale.

[1, 2]   There is thus presented to this court, for the first time since the extensive amendments to the Debtor and Creditor Law effected by chapter 360 of the Laws of 1914 and chapter 469 of the Laws of 1915, the question whether an assignee for the benefit of creditors may sell at public auction the assets of the assigned estate without previous order of the court, obtained on the return of notice to creditors, and others interested.   While no relevant objection to the present application has been urged by the assignee beyond the mere statement that he "believes that he has fully complied with all the provisions of the act covering the General Assignment Act," yet much force must be conceded to the argument that such order of the court, as a condition precedent to authority to sell, is unnecessary, because the assignee is expressly directed by the deed of assignment to sell the assigned property, and because an assignment for the benefit of creditors has, consequently, been uniformly regarded as an express trust to convert the assigned estate into cash, by sales and otherwise, and, finally, because the language of section 19 of chapter 360 of the Laws of 1914, namely, that "all sales shall be had at public auction unless otherwise ordered by the judge," and that, "upon application to the judge, and for good cause shown, the assignee may be authorized to sell any portion of the estate at private sale," implies the necessity of judicial action, prior to sale, in those instances only where the disposition of the assigned property is to be made in a manner other than by public auction.

It is regrettable that, in a matter so vitally affecting the administration of assigned estates, the legislative intent was not more clearly or fully expressed; the only provisions directly applicable to the question under consideration being those contained in chapter 469 of the Laws of 1915 to the effect that "parties interested in the estate as creditors, or parties otherwise interested, if the judge so directs, shall have at least ten days' notice by mail   *   *   *   of all proposed sales of property," that "such notice may be published as the judge shall direct and must be returnable in court," and that "the judge may cause such notices to be sent or published on the petition of the assignee at any time after the assignment."   While this enactment, inadequately expressing the purpose of the Legislature and seemingly

inconsistent with the other provisions of the statute above quoted, does not in express terms require that notice of motion for leave to sell, or notice or order to show cause why sale should not be held, must be served on creditors and, where ordered, on parties otherwise interested, yet such was evidently the purpose of the framers of the statute. A notice, "returnable in court," of a sale to be held in court, could not have been intended, for the court does not, and because of the lack of appropriate means or facilities cannot, itself perform or supervise the act of selling, which must be done by the assignee or his duly authorized agent in accordance with the express directions of the deed of assignment.

The necessity for judicial action as a prerequisite to the assignee's authority to sell the assigned property is further evidenced by the statutory provisions that "the judge may cause such notices to be sent or published on the petition of the assignee at any time after the assignment," that he may name interested parties, other than and in addition to creditors, to whom such notice shall be given, and that he may direct such advertisement of the notice as will secure wider publicity for the proposed sale than would follow the mere mailing thereof to creditors and parties otherwise interested. The use of the words "notice of * * * all proposed sales * * * returnable in court" indicates that the creditors and parties interested shall, as far as possible, be formally acquainted with the form and substance of the contemplated disposition of the assigned property, and shall have adequate opportunity to express to the court their respective opinions on the propriety of such proposed sale. Indeed, on the return day, after the interested parties are heard, the court may determine, not only that the form of the proposed sale is improper and its terms improvident, but that any sale at all at that time is inopportune, and that, notwithstanding the directions of the deed of assignment, the business, good will, and credit of the assigned estate should be respectively continued, preserved and maintained. Such action is expressly contemplated by the recent amendment of the Debtor and Creditor Law by section 15, subdivision 2, of chapter 360 of the Laws of 1914, which, greatly enlarging the authority of the court over the administration of assigned estates, provides that "the court shall have power to authorize the business of assignor to be conducted for limited periods by assignee, if necessary in the best interests of the estate."

[3] In accordance with the canons of statutory construction, this view of the general legislative enactment now applicable to the administration of assigned estates gives force and effect to all of the provisions relevant to the matter under consideration, although the phraseology of some of them is inadequate and indefinite. Furthermore, it is consistent with that legislative purpose that creditors of assigned estates shall be kept frequently and formally acquainted with, and afforded opportunity to participate in, the administration of such estates by trustees in whose selection they have no voice or vote, which is clearly manifested by the general provisions of the amendatory act (chapter 360 of the Laws of 1914), and which is specifically indicated by such directions as that creditors, and perhaps parties otherwise

interested, shall have notice of "the declaration and time of payment of dividends," and of "the proposed compromise of any controversy" (section 12, as amended by chapter 469 of the Laws of 1915), and that "it shall be the duty of the assignee to collect and reduce to money the property of the estate under the direction of the court" (section 14), and to "report promptly to the court the unprovable, incorrect, and undisputed claims, respectively" (section 14). And the practice enforced by such a construction, requiring that creditors shall be afforded opportunity to be heard on the question of the propriety of the time, place, form, and terms of sales by assignees, will have the salutary and wholesome effect of contributing to the prompt and economical settlement of assigned estates by the elimination on the accounting of such assignees of the issue—heretofore so frequently raised and so difficult of determination—of the provident disposition of the assigned property.

Finally, its value in this specific instance is evidenced by the fact that the asignee himself admits the receipt of "a private bid" of $2,100 for the "stock of goods" belonging to the assigned estate. Certainly "all the assets" of the assignor should not, as contemplated by the notice of sale, be offered at public auction without reserve or qualification, without opportunity to those most interested, the creditors, to report to the court, on the return of the notice of proposed sale, the various offers they might by that time have received for the property, and to establish, if possible, the fact that the net result of any auction sale would be less than the best private offer.

For these reasons the motion must be granted, without costs. The notice of sale of the assigned property heretofore given or served should be vacated and set aside, and the assignee and his auctioneer or other agent heretofore employed or authorized by him for the purpose should be stayed, enjoined, and restrained from selling such property under or according to the said notice of sale at the time and place named therein, or at any time or place to which the said sale, announced or advertised by said notice, may have heretofore been adjourned.

Order signed.